[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife was married to the defendant husband in Caulonia, Italy on April 19, 1959. Both of the parties were eighteen (18) years of age at the time of their marriage. The wife immigrated to this country in November, 1959; shortly thereafter, in May, 1960, the husband came to the United States. They have both lived in Danbury for the past thirty-three years and to this day both reside, in various fashion, in the marital home.
There have been two children born to the wife, both being issue of the marriage and both have reached their majority.
These parties have a very limited formal education, somewhere in the range of three to five years of grammar school. However, through extremely hard work, they have managed to provide for their children and each other. In fact, were it not for the devastating plunge of real estate CT Page 591 values, these parties could easily have had assets in excess of one million dollars. Even with the ravages of the real estate marketplace, the parties still have, in the court's opinion, substantial assets.
The wife is presently unemployed, and has been so unemployed since 1984 due to an accident related injury. Dr. Saunders testified that she is unemployable and that in all likelihood, she will never be able to be gainfully employed. She receives social security disability income in the amount of $95.00 per week.
The court accepts the testimony of the plaintiff and Dr. Saunders and concludes that she is unemployable. The ensuing orders of the court will be based in part on that finding.
During the course of the marriage (prior to 1984), she worked in a variety of jobs and contributed to the financial well-being of the family, in addition to raising a family and being a homemaker.
Similarly, the husband has also worked extremely hard, which the wife concedes. He held various jobs as a mason, factory worker and real estate agent and owner. As indicated previously, he has been very financially successful.
The wife attributes the breakdown of the marriage to a series of sexual encounters by the husband with other women. It would serve no useful purpose to recite the evidence presented. Suffice it to say that the court accepts the testimony of the wife, and admission by the husband, that there have been several instances of infidelity on the part of the husband. The wife also testified that, on occasion, the husband used disparaging remarks. He said she was fat, had fat hands and he would abandon her for the company of other women during social occasions. The husband countered by saying that he resorted to other women because the wife always accused him, unjustifiably, of being unfaithful. Finally, he said, ". . . if I'm going to be blamed for it, I might as well do it."
The husband's health is good. He has made a feeble attempt, totally unpersuasive, to somehow indicate that the wife drank and may have had an affair because he caught her talking to a man in the parking lot. The court does not CT Page 592 accept any of these reasons cited by the defendant as having any meaningful contributions to the breakdown of the marriage. Certainly, it was the behavior of the husband which was the overwhelming cause for the breakdown. Time and time again she forgave him, only to see him once again revert to his adulterous behavior. Finally, she decided, enough was enough, and commenced these proceedings.
The court is disturbed by the gambling by the wife during the last two or three years. The court recognizes that this behavior had little or nothing to do with the breakup and recognizes it as a reaction to rejection by the husband. However, the court cannot ignore nor can it fail to comment on her testimony concerning this course of conduct. Her testimony is totally not credible as to the explanation for various references in her calendars. This casts a shadow on her credibility. Further, her behavior has caused the dissipation of thousands of dollars which could have been better utilized at this time if these funds were still available. The court is amazed that such a hard working and dedicated woman could have taken savings, so painfully accumulated over years of work, and literally throw them away at the gaming tables of Atlantic City, Jai Alai and Ledyard. The court must, and will, consider this dissipation of assets in its property and alimony awards.
Similarly, the court is mindful of the "surreal" testimony of the husband concerning his lending practices of several thousand dollars to friends and the haphazard record to repayment to him.
The court also does not accept his testimony that his real estate practice does not provide him income. There appears to be a siphoning of commissions to others. The court does not accept his testimony and finds that the husband has a present capacity to earn at least $50,000 per year from his real estate business. His explanation as to his income from real estate investment is equally suspect. Financial affidavits filed by him belie his claim that there is no income to be derived from these investments. The court is certainly aware of what has occurred in the real estate marketplace during the past few years. The court is also aware of the common practice to inflate one's worth and income in order to induce a lending institution to lend money. Nonetheless, the court does not accept, in toto, the husband's CT Page 593 assertion that he derives no income from his properties.
Having considered all of the evidence and applying the criteria of Connecticut General Statutes, Secs. 46b-81 and46b-82 to said evidence, the court further finds and orders as follows:
1. The marriage has broken down irretrievably, there is no prospect for any reconciliation and a decree of dissolution is entered.
2. The husband shall pay to the wife as periodic alimony the sum of $350.00 per week until her death, remarriage or cohabitation, or when she reaches age sixty-five (65), whichever event first occurs.
3. All of the furnishings in the marital home shall become the property of the wife with the exception of the following items which shall be come the property of the husband:
 The 19" TV set; one VCR; the husband's office furniture and paperwork; all encyclopedia books; all real estate business books; some plates, utensils, pots, pans, dishes, glasses, etc.; some linens, towels and blankets; one gold-plated clock given to the husband by his sister; the Rainbow vacuum cleaner; all old coins from collection; two silver dollar coins given by Uncle Joe; half of the art work (wife gets first choice); the husband's family pictures and photographs; one AM/FM radio; his accordion; some silverware; and all of his personal effects including jewelry; and the tractor.
4. Each party shall keep his or her own motor vehicle.
5. The marital premises located at 9 Hilltop Manor, Danbury, Connecticut are hereby assigned to the wife by judicial decree. She shall be responsible for the payment of all of the expenses, including the mortgage, taxes and insurance, and shall hold the husband harmless.
6. All of the other real estate shall remain the sole and exclusive property of the husband. CT Page 594
7. The husband shall retain full title and interest in his real estate business.
8. Each party shall be responsible for his or her liabilities, except as otherwise provided, and each shall hold the other harmless from any and all claims.
9. The wife shall have exclusive possession of the marital home.
10. Both the wife and the husband will execute any and all deed and document of transfer necessary to comply with the court's orders.
11. The note receivable from Michael DeBeauvernet and Bart DeVito shall remain the sole property of the husband.
12. The husband shall name the wife as irrevocable beneficiary of his John Hancock life insurance policy for so long as he is obligated to pay alimony.
13. Each party shall pay his or her own counsel fees.
14. In the event of any tax deficiency on any jointly filed income tax returns, the party responsible for the deficiency shall pay the same and shall hold the other harmless from all claims.
Mihalakos, J.